The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Michael Bobbitt

**DEFENDANTS**
Sims Metal Management

**(b)** County of Residence of First Listed Plaintiff: Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Hudson County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kevin Riechelson, Esquire - Law Offices of Kamensky, Cohen & Riechelson - 194 South Broad Street, Trenton, NJ 08608

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1391(d)

Brief description of cause:
Slip and fall on ice

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 150,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 06/22/2020
SIGNATURE OF ATTORNEY OF RECORD: *K. Riechelson* (signature)

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL BOBBITT<br>　　　　　　　　　Plaintiff,<br>vs.<br>SIMS METAL MANAGEMENT<br><br>　　　　　　　　　Defendants. | Docket No. : |

### COMPLAINT

Plaintiff, Michael Bobbitt, residing at 16 Openwood Lane, Levittown, PA 19055, by way of Complaint against the Defendant, says:

### COUNT I

1. Plaintiff, Michael Bobbitt, is an individual, who at all time material hereto lived at 16 Openwood Lane, Levittown, PA 19055.

2. Upon information and belief, and at all times relevant herein, the Defendant, Sims Metal Management is a corporation or other business entity with its corporate offices located at 555 Fremd avenue, Suite C300, Rye, NY 10580.

3. Sims Metal Management is a corporation or other form of business duly licensed to do business in the State of New Jersey.

4. Upon information and belief, defendant, Sims Metal Management was the owner, lessee and/or operator of a facility that was located at 1 Linden Avenue, Jersey City, New Jersey 07305.

5. Federal jurisdiction is based upon diversity of citizenship, 28 U.S.C. Section 1332(a)(1) in that the Plaintiff is a citizen of Pennsylvania and defendant is a New York Corporation.

6. Venue is based upon 28 U.S.C. Section 1391(d), as the defendant's business location where the accident involved herein occurred is located within the judicial district of this court.

7. The Plaintiff's damages exceed the minimum jurisdictional amount required ($75,000) and also exceed the arbitration limit ($150,000), and a jury trial is demanded.

8. At all times material hereto, Defendant owned, controlled, possessed, maintained and operated, through its agents, servants, employees, and/or franchisees, the aforementioned premises and were responsible for the removal of ice and snow and to keep the premises clear of same.

9. On or about March 5, 2019, Plaintiff was at the above premises in the course and scope of his employment with General Industrial making a delivery to Sims Metal Management, when he was caused to slip and fall as the result of an accumulation of ice and/or snow on the premises, which created a dangerous and hazardous condition.

10. Plaintiff's injuries were caused by the negligence and carelessness of Defendant through Defendant's agent(s), servant(s), employee(s), and/or people under their control in that:

    (a) Defendant failed to exercise reasonable care in the maintenance and care of the aforementioned premises;

 (b) Defendant failed to take adequate steps to warn individuals such as Plaintiff of a slippery and hazardous condition that existed on the premises;

 (c) Defendant failed to properly maintain or cause to have maintained the aforementioned premises and allowed a dangerous condition to exist for an unreasonable amount of time;

 (d) Defendant failed to install or utilize proper maintenance procedures to prevent hazardous conditions and to assure a safe walking surface existed;

 (e) Defendant allowed to exist on its property a hazardous condition, which it knew, or in the exercise of due care and diligence should have known existed;

 (f) Such other acts of negligence, unknown to Plaintiff, as may be learned during the course of discovery.

11. Solely as a result of Defendant's aforesaid negligence, Plaintiff sustained injuries including, but not limited to a significant injury to his lower back, including a herniated disc at L4-5 and a herniation or bulge at L5-S1 for which he underwent a bilateral laminectomy and foramnotomy at L4-5 and L5-S1 as well as radiofrequency medical branch nerve denervations at L1-2, L2-3, L3-4, L4-5 and L5-S1. In addition, he had to undergo physical therapy and other medical treatment. Plaintiff's injuries have been and are serious, severe, and permanent. Plaintiff has also been left with scarring as a result of the surgery he was required to undergo.

12. As a result of his injuries Plaintiff had to seek and receive extensive treatment.

13. Plaintiff also sustained a significant loss of earnings for the period of time he has been out of work as a result of the accident.

14. Plaintiff has suffered and may continue to suffer great physical pain, serious and permanent injury and mental anguish; has been and may continue to be prevented from attending to Plaintiff's usual activities, duties, and occupations; has suffered and may continue to suffer a loss of earnings and earning capacity; and has incurred and may continue to incur various medical expenses in and about an effort to cure Plaintiff of the aforesaid injuries and has otherwise expended monies in an effort to remediate the injuries and/or damages caused by the negligence of Defendant.

15. By reason of his injuries, Plaintiff has been prevented from pursuing his daily activities and customary duties and enjoyment from the pleasures of life and may be prevented from doing so in the future, to his great detriment and loss.

16. The injuries and damages sustained by Plaintiff, as set forth above, were the sole proximate result of the aforesaid negligence of Defendant, and the result of an action or failure to act on the part of Defendant.

17. As a result of the negligence of the defendant, and the accident and resulting injuries, it is anticipated that plaintiff's employer's workers compensation insurance carrier, SWIF, will be asserting a lien in excess of $50,000, for medical bills and indemnity paid to or on behalf of the plaintiff, which lien is not yet final, for which defendant is liable.

**WHEREFORE**, Michael Bobbitt, demands judgment against the Defendant for compensatory damages together with interest and costs of suit in an amount greater than $150,000.

Kamensky ◆ Cohen & Riechelson

DATE: 6/16/2020        BY: _/s/ K. Riechelson_
Kevin Riechelson, Esquire
Attorneys for Plaintiff
194 South Broad Street
Trenton, N.J. 08608
609-394-8585 (P)
609-394-8620 (F)
Kriechelson@kcrlawfirm.com
**Attorneys for Plaintiff**