**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL BOBBITT,<br><br>                Plaintiff,<br><br>      v.<br><br>SIMS METAL MANAGEMENT,<br><br>                Defendant.<br><br>SIMSMETAL EAST LLC d/b/a SIMS METAL MANAGEMENT,<br><br>                Third Party Plaintiff,<br><br>      v.<br><br>GENERAL INDUSTRIAL INC. and HOUSTON SPECIAL INSURANCE COMPANY, INC.,<br><br>                Third Party Defendants. | Case No. 2:20-cv-07577 (BRM) (ESK)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Third-Party Defendant General Industrial, Inc.'s ("General") Motion for Reconsideration (ECF No. 83), of this Court's Order and Opinion (ECF Nos. 77, 78), granting in part and denying in part General's Motion for Summary Judgement (ECF No. 57). Third-Party Plaintiff Sims Metal Management ("Sims") filed an Opposition. (ECF No. 87.) General filed a Reply.[1] (ECF No. 88.) Having reviewed the submissions filed in connection with the Motion, and

---

[1] General filed a reply brief (ECF No. 88), without permission of the Court, in violation of L.Civ.R. 7.1(d)(3) ("No reply papers shall be filed, unless permitted by the Court, relating to the following

1

having declined to hear oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below, General's Motion for Reconsideration is **DENIED**.

I. **BACKGROUND**

    A. **Factual Background**

The underlying facts are set forth at length in the Court's May 24, 2023 Opinion (ECF No. 77), from which General seeks reconsideration. In the interest of judicial economy, the Court refers the parties to that Opinion for a full recitation of the factual background of this dispute.

    B. **Procedural Background**

On June 22, 2020, Plaintiff Michael Bobbitt ("Plaintiff") filed a one-count Complaint against Sims, alleging negligence related to a slip and fall injury sustained on Sims's property, located at 1 Linden Avenue, Jersey City, New Jersey (the "Property"). (ECF No. 1.) Thereafter, Sims filed a Third-Party Complaint naming Third-Party Defendants General and Houston Specialty Insurance Company, Inc. ("Houston"). (ECF No. 31). Sims's Third-Party Complaint alleged two causes of action against General, including: (1) contractual indemnification; and (2) breach of contract. (*Id.*)

At the completion of discovery, General filed a Motion for Summary Judgment on July 8, 2022. (ECF No. 57.) Sims filed an Opposition on August 1, 2022. (ECF No. 61.) The Court administratively terminated the Motion pending the outcome of mediation. (ECF No. 63.) On October 4, 2022, the parties advised the Court that the matter could not be resolved at mediation. (ECF No. 65.) Thereafter, the briefing schedule resumed, and General filed a Reply on October

---

motions: . . . Reconsideration under L.Civ.R. 7.1(i)."). General filed a letter on July 17, 2023 (ECF No. 89), notifying the Court of its error and requesting that the Court consider the reply brief, or accept a Motion for Leave to file the brief. For the sake of efficiency, the Court will consider General's reply without the filing of a separate motion.

31, 2022. (ECF No. 68.) On May 24, 2023, the Court granted General's Motion for Summary Judgment, dismissing Sims's breach of contract claim, but denying the Motion as to Sims's indemnification claim. (ECF Nos. 77, 78.) General filed this Motion for Reconsideration on June 7, 2023, asking the Court to reconsider the denial of their Motion relating to Sims's indemnification claim. (ECF No. 83.) On June 30, 2023, Sims filed an Opposition (ECF No. 87), and on July 12, 2023, General filed a Reply (ECF No. 88).

## II.    LEGAL STANDARD

While not expressly authorized by the Federal Rules of Civil Procedure, motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i). *See Dunn v. Reed Grp., Inc.*, No. 08-1632, 2010 WL 174861, at *1 (D.N.J. Jan 13, 2010). The comments to the Rule make clear, however, that "reconsideration is an extraordinary remedy that is granted 'very sparingly.'" L.Civ.R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003)); *see also Langan Eng'g & Envtl. Servs., Inc. v. Greenwich Ins. Co.,* No. 07–2983, 2008 WL 4330048, at *1 (D.N.J. Sept. 17, 2008) (explaining that a motion for reconsideration under Rule 7.1(i) is "'an extremely limited procedural vehicle,' and requests pursuant to th[is] rule[] are to be granted 'sparingly'") (citation omitted); *Fellenz v. Lombard Investment Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005).

A motion for reconsideration "may not be used to re-litigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Instead, Local Civil Rule 7.1(i) directs a party seeking reconsideration to file a brief "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has

3

overlooked." L. Civ. R. 7.1(i); see also *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001) ("The word 'overlooked' is the operative term in the Rule.").

To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F. 3d 669, 677 (3d Cir. 1999); *see also N. River Ins. Co. v. CIGNA Reinsurance, Co.*, 52 F. 3d 1194, 1218 (3d Cir. 1995) (internal quotations omitted). A court commits clear error of law "only if the record cannot support the findings that led to the ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09–4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F. 3d 591, 603–04 (3d Cir. 2008)). "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* Moreover, when the assertion is that the Court overlooked something, the Court must have overlooked some dispositive factual or legal matter that was presented to it. *See* L.Civ.R. 7.1(i).

In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6 (quoting *P. Schoenfeld*, 161 F. Supp. 2d at 353); *see also United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."); *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 163 (D.N.J. 1988); *Schiano v. MBNA Corp.*, No. 05–1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to

4

show that the Court overlooked relevant facts or controlling law, . . . and should be dealt with through the normal appellate process. . . .") (citations omitted).

**III.     DECISION**

General argues the Court inaccurately summarized its positions and arguments in the underlying summary judgment motion, particularly as to Sims's indemnification claim. (ECF No. 83 at 8.) Specifically, General claims the Court conflates the term "Work," with a capital "W," which is a defined term in the Agreement between Sims and General, with general "work," in the colloquial sense, thereby stripping the indemnity provision of its agreed-upon meaning. (*Id.* at 9.) General contends its indemnification obligation would have only been triggered, under the true meaning of the Agreement, if Plaintiff's injury was sustained "in connection with or resulting from" Plaintiff's "Work," including:

- Furnishing labor and equipment including crane service, forklifts and manlifts.
- Assembling conveyor components and preparing for erecting including cover rails, drives, idlers, walkway, etc.
- Relocating channel conveyor mounting bracket to new locations.
- Erecting 260' conveyor including tripping assembly and chutes.
- Pulling conveyor belt and terminating at designated location.

(*Id.* at 9–10.) General submits that, to hold otherwise, would require General to indemnify Sims against any injury suffered by "any person or persons," even strangers to the Agreement, who may or may not appear on Sims's property while at "work." (*Id.* at 11.) General concludes "[Plaintiff's] bodily functions cannot create a 'connection' between the Work of the conveyor installation inside Building X and Sims' providing of a porta-potty on the opposite side of its driveway that it failed to maintain." (*Id.*)

5

In opposition, Sims argues (1) there is no valid basis for reconsideration of the Court's Order; and (2) the Court correctly determined that Plaintiff's injuries arose out of his work for General at the Sims site. (ECF No. 87 at 4–11.) More specifically, Sims submits General's motion for reconsideration is nothing more than a disagreement with the Court's Order and Opinion, and should be denied as it fails to identify any argument or law the Court overlooked, and no manifest injustice has occurred. (*Id.* at 6.) Further, Sims contends the Court was correct in holding Plaintiff's injuries were "incident to" the operations he performed at the site, as permitted by the Agreement. (*Id.* at 7.) Sims explains the Court correctly construed the phrase, "arising out of," to mean not looking simply at the cause of the accident, but the general nature of the operation by which the injury was sustained. (*Id.* at 9.)

General replies that (1) the Court's Opinion ignores the plain meaning of the Agreement and renders the indemnity provision meaningless; (2) the definition of "Work" in the Agreement must be applied over the ordinary definition of the work; (3) Plaintiff was not injured in connection with or resulting from the contracted "Work"; and (4) the "active negligence" exception to the indemnification provision is rendered meaningless where force and effect are not given to every term of the Agreement. (ECF No. 88 at 4–14.) In doing so, General claims this matter differs from cases relied upon by the Court in the underlying Opinion because the situs of Plaintiff's accident bears no relation to the contractual "Work," and therefore, the accident did not arise "incident to" the Work. (*Id.* at 8.) General further argues there is no evidence Plaintiff's injuries occurred either "in connection with or resulting from the Work," because snow and ice removal services were beyond the scope of General's duties outlined in the Agreement. (*Id.* at 10.)

General agreed to indemnify and hold harmless Sims for "any and all claims, suits, demands, charges, liabilities, penalties, losses, costs and expenses . . . whether or not the acts,

6

errors, omissions or negligence of [Sims] contributed thereto," if they arose "from or out of (a) the work incident to or resulting from any and all operations performed by [General]" or "(b) any injury to . . . employees of [General] . . . occurring wholly or in part, in connection with or resulting from the Work." (ECF No. 57-6 ¶ 8.) Further, the parties agreed, "Notwithstanding anything in this paragraph to the contrary, [General] shall not be obligated to indemnify or hold [Sims] harmless for any Losses to the extent caused by [Sims's] active negligence . . . ." (*Id.*) In sum, under the Agreement, General is responsible for any and all liability incurred by Sims, regardless of whether General has been negligent or not, if the alleged act arises out of work[2] "incident to" or "resulting from" any operations performed by General, or otherwise occurs "in connection with" Plaintiff's Work, and providing the loss was not caused by Sims's own active negligence.[3]

While General contends the Court's conflation of "work" in the general sense with "Work" as the defined by the Agreement was error, the distinction is without a difference. Instead, the key terms of the provision, as examined by the Court in the underlying motion, are the phrases establishing the nexus between the "work" or "Work" and Plaintiff's injury, including "arising . . . from or out of," "resulting from," and "in connection with." *See Worth Constr. Co., Inc. v. Admiral Ins. Co.*, 888 N.E.2d 1043, 1045 (N.Y. 2008) (defining "arising out of" as meaning "originating from, incident to, or having connection with" and requiring "only that there be some causal relationship between the injury and the risk for which coverage is provided"); *Hunter*

---

[2] The Agreements refers to both the defined term, "Work," and general use of the word, "work." (*See* ECF No. 57-5 ¶ 6.) The Court's reference to those terms is consistent with their usage in the Agreement.

[3] General did not re-address its "active negligence" argument from the underlying motion in the moving papers on this Motion for Reconsideration. While General attempts to raise the issue again in reply, the argument has been waived. *See Voci v. Gonzales*, 409 F.3d 607, 610 n.1 (3d Cir. 2005) ("An issue is waived unless a party raises it in its opening brief."); *Morales Ruiz v. Attorney General of U.S.*, 293 F. App'x 865, 867 n. 1 (3d Cir. 2008) ("The failure is not cured by raising the challenge in a reply brief.").

*Roberts Constr. Grp., LLC v. Arch Ins. Co.*, 75 A.D.3d 404, 408 (N.Y. App. Div. 2010) (citation omitted) ("[T]he focus of an 'arising out of' clause is not on the precise cause of the accident but on the general nature of the operation in the course of which the injury was sustained.").

New York courts have held liability "arises out of" work where an injury occurs "en route to [a] work assignment," explaining a "contract [can]not be performed, of course, unless . . . employees [can] reach and leave their workplaces on the job site," and so "injuries, occurring during such a movement, must be deemed as a matter of law to have arisen out of the work." *Chelsea Assocs. LLC v. Laquila-Pinnacle*, 21 A.D.3d 739, 740 (N.Y. App. Div. Sept. 8, 2005) (quoting *O'Connor v. Serge Elec. Co.*, 58 N.Y.2d 655, 675–58 (N.Y. 1982)); *see also Hunter*, 75 A.D.3d at 408 (finding there was a "sufficient connection," triggering the "'arising out of' operations' endorsement" in an insurance contract where the plaintiff was injured while walking back to a field office to get a can of spray paint); *Longwood Cent. Sch. Dist. v. Am. Empls. Ins. Co.*, 35 A.D.3d 550, 552 (N.Y. App. Div. 2006) ("Because [the plaintiff's] accident occurred as he was traversing the parking lot to inspect the frozen pipe, his accident arose out of [his] work."). Further, under New York law, where a plaintiff slipped and fell on the floor of a construction site bathroom, the employee's injury was deemed to arise out of the plaintiff's work. *See Turner Constr. Co. v. Pace Plumbing Corp.*, 298 A.D.2d 146, 147 (N.Y. App. Div. 2002). The employee's use of the bathroom facilities was found to be a "necessary and unavoidable activity" that "arose in connection with" the plaintiff's work. *Id.*

Whether Plaintiff was on the Property to perform "work" or "Work," therefore, does not change the outcome of this Court's decision. In this case, Plaintiff, a General employee, drove from his house to General's headquarters in Morrisville, Pennsylvania, dropped off his personal vehicle, and drove the company truck from headquarters to Sims's Property. (ECF No. 61-1 ¶¶

8

35–37.) Plaintiff arrived at the Property at around 7:10 A.M. (ECF No. 57-5 ¶ 14.) He proceeded to park the utility truck inside of the warehouse on the Property, and went to use the porta-potty located about thirty feet away from the building where his "Work" was to be performed. (ECF No. 61-1 ¶ 43.) On the way back from the porta-potty, about ten or fifteen feet away from the door of the building, Plaintiff slipped and fell on ice. (*Id.* ¶¶ 45–47.)

To adopt General's proposed interpretation and to require indemnification only for injuries occurring strictly while performing "Work," like assembling conveyor components or relocating channel conveyor mounting brackets, ignores the causation language contained in the Agreement and New York law. Like the cases cited herein and in this Court's underlying Opinion, Plaintiff was injured after arriving at the job site in a company vehicle, while "en route to [a] work assignment," *Chelsea Assocs.*, 21 A.D.3d at 740, and "travers[ing]" the outdoor space, *Longwood*, 35 A.D.3d at 552, between the construction site porta-potty and the building where his "Work" was to be performed, *Turner Constr.*, 298 A.D.2d at 147.

The facts of this case fall squarely within boundaries set forth by the courts of New York. While General attempts to distinguish *Turner Construction*, (ECF No. 83 at 10), *Chelsea Associates*, and *Longwood* (ECF No. 88 at 7–8), by arguing the incidents arose out of "work" in the generic sense and not as defined by any agreement, that position is unpersuasive. Application of the courts' interpretation of "arising . . . from or out of," "resulting from," and "in connection with," ends with the same results, regardless of whether Plaintiff was performing "work" or "Work." To hold otherwise would simply ignore the causation language of the Agreement. Further, General's argument that the situs of Plaintiff's accident location bears no relation to its operations and therefore precludes liability (ECF No. 88 at 8), similarly fails. As set forth above, New York law requires indemnification in situations similar to Plaintiff's, and not strictly while performing

9

"work" or "Work" duties in specified areas, especially when those situations involve "necessary and unavoidable" activities. *See Turner Constr.,* 298 A.D.2d at 147. The "situs" of the accident location is not always a factor in the court's interpretation.

General has failed to demonstrate a change in controlling law, the availability of new evidence, or the need to correct a clear error of law or fact, requiring reconsideration of the underlying Order and Opinion. *Max's Seafood*, 176 F. 3d at 677. Instead, the record overwhelmingly supports the findings below, which led to the Court's initial ruling. *See ABS Brokerage*, 2010 WL 3257992, at *6. General's "[m]ere 'disagreement with the Court's decision' does not suffice" to grant reconsideration. *Id.* Accordingly, General's Motion for Reconsideration is denied.

## IV.    CONCLUSION

For the reasons set forth above, General's Motion for Reconsideration (ECF No. 83) is **DENIED**.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
UNITED STATES DISTRICT JUDGE

Dated: August 21, 2023